### UNITED STATES

v.

**Private (E–2) Eloy ROMAN, 129–36–8509, US 51 623 388, US Army, Company A, US Army Personnel Control Facility, US Army Training Center and Fort Dix, Fort Dix, New Jersey.**

**SPCM 10545.**

U. S. Army Court of Military Review.

Sentence Adjudged 21 June 1974.

Decided 30 Oct. 1975.

Appearances: Appellate counsel for the Accused: CPT Paul C. Hemmer, JAGC; LTC James Kucera, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Larry R. McDowell, JAGC; CPT Richard S. Kleager, JAGC; LTC Ronald M. Holdaway, JAGC.

### DECISION ON FURTHER REVIEW

PER CURIAM:

On 1 August 1975, the United States Court of Military Appeals granted a Motion to Remand made by the Government and returned the record of trial to The Judge Advocate General of the Army for reference to this Court.

At his trial the appellant was convicted, contrary to his plea *, of an unauthorized absence extending from 15 March 1967 to 1 May 1974 in violation of Article 86, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 886.

During the sentencing portion of the trial, the appellant introduced into evidence a

---

6. *United States v. DuPuis*, 48 C.M.R. 49 (1973); *United States v. MacDonald*, 46 C.M.R. 449 (1972).

* Publisher's footnote: The statement of the pleas in the prior opinion in the case, 50 C.M.R. 802, is erroneous.

lengthy psychiatric report that indicated that he suffered from a characterological disturbance that under certain conditions could ripen into a psychotic episode. The psychiatrist also stated in his report that the appellant was not suffering from a state of imbecility or insanity that would prevent him from distinguishing right from wrong; that he was not able to adhere to the right at the time of the offense and that he was competent to stand trial.

Although the psychiatrist was of the opinion that the appellant was unable to adhere to the right at the time of the offense, he did not, despite an unusually detailed report, identify any aberrations beyond those generally classified as character and behavior disorders. We find nothing in the report that would support a diagnosis of mental disease, defect or derangement. The appellant's situation is comparable to that of the defendant in *United States v. Hood,* 47 C.M.R. 356 (A.C.M.R.1973). We hold that our decision in *Hood* is dispositive of the case *sub judice.*

The opinion of this Court, dated 29 May 1975, is hereby withdrawn. The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for four months and reduction to the grade of Private (E–1).

CLAUSE, DONAHUE and COSTELLO, Appellate Military Judges.